NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| WILLIAM J. R. EMBREY | ) |
| | ) |
| Petitioner, | ) No. 0:11-CV-00119-HRW |
| | ) |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| MICHAEL SEPENAK, | ) **AND ORDER** |
| | ) |
| Respondent. | ) |

\*\* \*\* \*\* \*\* \*\*

William J. R. Embrey, currently confined in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland") has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]

As Embrey has paid the $5.00 filing fee, the Court reviews the § 2241 petition to determine whether, from the face of the petition and any exhibits annexed to it, he is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)); *see, e.g., Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979); *see also*, 28 U.S.C. § 2243. If it appears from the face of the

---

[1] When Embrey filed this § 2241 petition, J.C. Holland was the Warden of FCI-Ashland. As Michael Sepanek is now the Warden of FCI-Ashland, he will be substituted as the Respondent to this proceeding in place of Holland.

§ 2241 petition that relief is not warranted, the Court may summarily dismiss the petition. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

For the reasons set forth below, the Court has determined that Embrey is not entitled to relief under § 2241; that his § 2241 petition will be denied; his pending motion seeking an Order directing the respondent to answer his habeas petition, [D. E. No. 8], will be denied as moot, and this action will be dismissed with prejudice.

## CLAIMS ASSERTED

Embrey alleges that although he is currently serving a sentence for possession of a firearm in violation of 18 U.S.C. § 922(g), which does not qualify as a "violent" offense, the Federal Bureau of Prisons ("BOP") has improperly assigned him a "public safety factor," resulting in him having a "greatest security offense" classification. Embrey alleges that his increased security classification precludes him being assigned to the prison camp at FCI-Ashland, and that the BOP should waive the PSF and place him in a minimum security camp. Embrey's claims fall under the Due Process Clause of the Fifth Amendment of the United States Constitution.

## ADMINISTRATIVE EXHAUSTION OF CLAIMS

Embrey fully exhausted his claim pursuant to 28 C.F.R. § 542.10-.19. On February 8, 2011, J.C. Holland, former Warden of FCI-Ashland, denied Embrey

"Request for Administrative Remedy." [D. E. No. 4-4]. Holland explained that although the sentence which Embrey is currently serving is for a non-violent offense (possession of a firearm), he had a prior 40-month aggregate federal conviction for offenses that involved violent behavior, and that under BOP PS 5100.08, *Inmate Security Designation and Custody Classification*, a prior conviction for a violent offense results in a "greatest security" classification for a federal prisoner. Holland further noted that after Embrey was convicted of his current § 922(g) firearm offense in May 2000, the United States Court of Appeals affirmed that prior conviction and ordered the 40-year aggregate sentence to run concurrently with his current § 922(g) firearm offense.[2] The BOP's Regional Office and Central Office affirmed Holland's decision on the same grounds. *See* Regional Response, 3/15/11, [D. E. No. 6-1]; Central Office Response, 5/17/11, [D. E. No. 4-1].

### EMBREY'S THREE FEDERAL CONVICTIONS

Embrey has three federal convictions, which are summarized below:

**First Conviction**: On December 4, 1968, in Muskogee County, Oklahoma, Embrey robbed the Webbers Falls State Bank, insured by the Federal Deposit Insurance Corporation, taking $793.00. In 1969, a grand jury in the United States

---

2

    *See Embrey v. Hershberger*, 131 F.3d 739 (8th Cir. 1997), which will be discussed, *infra*.

District Court for the Eastern District of Oklahoma charged him with one count of violating 18 U.S.C. § 2113(a), the Federal Bank Robbery Act ("FBRA"). A jury convicted Embrey and he was sentenced to an eight-year prison term that was to run consecutively to a separate state sentence ("the First Bank Robbery Sentence"). Embrey began serving the First Bank Robbery Sentence on May 19, 1972, after completing service of his state sentence.[3]

**Second Conviction**: In 1980, shortly after completing service of the First Bank Robbery Sentence, Embrey and an accomplice, both armed, forced a Missouri banker to withdraw $11,000 from his bank, and then fled across a state line taking the banker along as a hostage. A federal jury in Missouri convicted Embrey of armed bank robbery under the FBRA, and of kidnapping under the Federal Kidnapping Act ("FKA"), 18 U.S.C. § 1201(a)(1), and Embrey received to two consecutive twenty-year prison terms, one for each conviction. *United States v. William J. R. Embrey*, 3:1980-CR-05011(W. D. Mo.) ("the Second Bank Robbery Sentence").[4]

---

[3]

On October 6, 2006, Embrey filed in the United States District Court for the Eastern District of Oklahoma a petition for writ of *coram nobis,* collaterally challenging the First bank Robbery Sentence. The district court dismissed the petition, Embrey appealed, and the Tenth Circuit affirmed the dismissal, finding that Embrey could have raised his claims in his original criminal proceeding, on direct appeal, or by post-conviction motion, but that he failed to do so. *Embrey v. United States*, 240 F. App'x 791, 795 (10th Cir. 2007).

[4]

Embrey filed a motion to set aside the Second Bank Robbery Conviction under 28 U.S.C. § 2255. Embrey argued that his conviction under the FKA was illegal because all of his unlawful

4

**Third Conviction**: In 1998, Embrey was indicted in a Missouri federal court with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Embrey pleaded guilty and on May 1, 2000, he was sentenced to a 262-month prison term, plus a five-year supervised release term. *United States v. William J. R. Embrey*, 6:98-CR003095 (W. D. Mo.) ("the Firearm Conviction").

## DISCUSSION

Embrey's security classification and eligibility for transfer to a lower security prison camp are conditions of his confinement at FCI-Ashland. A federal prisoner must assert claims challenging the conditions of his confinement in a civil rights action under 28 U.S.C. § 1331, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), not a § 2241 habeas petition. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).

As Embrey should know from filing numerous civil rights actions in the federal court system, the filing fee for a civil rights action is $350.00. Pursuant to

---

activities had been violations of the FBRA, which Congress intended as the comprehensive statute providing the punishment for his crimes, to the exclusion of all other possibly applicable federal statutes. The district court rejected the petition on the merits, but on appeal a panel of the Eighth Circuit reversed that judgment. *See Embrey v. Hershberger*, 106 F.3d 805 (8th Cir. 1997). However, the Eighth Circuit subsequently voted to consider the case *en banc*, vacated the panel's judgment, and affirmed the judgment of the district court on December 17, 1997. *See Embrey v. Hershberger*, 131 F.3d 739, 741-42 (8th Cir. 1997).

28 U.S.C. § 1915(g), prisoners who have acquired "three strikes" for filing abusive litigation may not proceed *in forma pauperis* in civil rights actions and must instead pay the $350.00 filing fee in full, unless they qualify for the exception to § 1915(g), *i.e.*, allege imminent danger of serious physical injury. Over five years ago, Embrey was identified as a "three-strikes" violator. *See Embrey v. Martinez*, No. 3:06-CV-00698, 2006 WL 3626339, at n. 1 (W.D. Wis. December 6, 2006).

The Court would be acting within its rights by dismissing this action without prejudice and directing Embrey to file a separate civil rights action asserting his claims, for which he would have to pay the $350.00 filing fee in full because he does not allege that he faces imminent danger of serious physical injury. However, in the interests of avoiding more prison litigation from Embrey, the Court will address the merits of his claims in this § 2241 proceeding.

Embrey's objection to his PSF lacks merit for three reasons. First, Congress has given the BOP complete authority to determine the custody classification and security levels of federal inmates, direct their confinement in any available facility, and freely transfer them from one facility to another. *See* 18 U.S.C. § 3621(b). The United States Supreme court has established that transfers and prison assignments are functions wholly within the discretion of the BOP. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, (1976); *Meachum v. Fano*,

6

427 U.S. 215, 225 (1976). Accordingly, federal prisoners have no constitutional right either to be incarcerated in a particular facility, *Watkins v. Curtin*, No. 1:05-cv-267, 2005 WL 1189602, at *2 (W.D. Mich. May 19, 2005) (citing *Olim*, 461 U.S. at 245), or to be placed in a specific security classification, *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004). Because Embrey has no constitutionally protected liberty interest in a particular security level or classification, he is not entitled to habeas corpus relief on this ground.

Second, the BOP properly applied a "violent offender" PSF to Embrey. The BOP's classification procedure is set forth in PS 5100.08, under which it is permitted to assign a PSF to federal inmates:

> "who [are] not appropriate for placement at an institution which would permit inmate access to the community...." P.S. 5100.08, ch. 2, p. 4. It [the PSF] reflects "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behaviors that require[ ] additional security measures ... to ensure the safety and protection of the public," *id.*, ch. 5, p. 7, and is among the factors "used to determine the inmate's security level," *id.*, ch. 4, p. 5. The PSF "overrides security point scores to ensure [that] the appropriate security level is assigned to an inmate, based on his ... demonstrated current or prior behavior." *Id.*, ch. 2, p. 4.

*Perez v. Lappin*, 672 F. Supp.2d 35, 40 (D. D.C. 2009).

Embrey correctly notes that the Firearm Sentence, which he is currently serving, is for a non-violent offense (possession of a firearm by a felon), but he has

7

ignored that he has two prior convictions for bank robbery. The BOP has determined that because bank robbery involves the use of force, it qualifies as a violent offense, and that accordingly, federal inmates who have been convicted of bank robbery are ineligible for various benefits, such as a one-year sentence reduction under § 3621(e)(2)(B), *see Royal v. Tombone*, 141 F.3d 596, 601-03 (5th Cir. 1998); *Minnema v. Pitzer*, 151 F.3d 1033, No. 97-3659, 1998 WL 255101 (7th Cir., May 15, 1998); *Williams v. Zych*, No. 09-12173, 2010 WL 200847, at *2 (E. D. Mich., January 15, 2010) (denying one-year sentence reduction for federal prisoner convicted of robbery), and early release into a Residential Re-entry Center, *see Hill v. Graber*, No. 10-CV-723-TUC, 2011 WL 4630140, at *5 (D. Ariz. July 11, 2011).

The incidental effect of a PSF does not create a due process violation, even if the PSF classification adversely impacts a federal inmate's eligibility to participate in certain BOP programs, privileges, and incentives. *Perez v. Lappin*, 672 F. Supp.2d at 41; *Mejia-Gomez v. DHS/ICE*, No. Civ. 05-5000(JBS), 2006 WL 1098226, at *3 (D.N.J. March 31, 2006).

Unless an inmate is subjected to extraordinary treatment, the effects of prison officials' day-to-day decisions on him are merely consequences of confinement for having committed a crime. *See Franklin v. District of Columbia*, 163 F.3d 625, 635 (D.C.Cir.1998). In other words, Embrey has not demonstrated that the PSF assigned

8

to him has resulted in an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," which is the standard the Supreme Court established in *Sandin v. Conner*, 515 U.S. 472, 484 (1995). While Embrey may wish to be confined in a lower security-level prison camp, the BOP's denial of his request does not create an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Mader v. Sanders*, 667 F. App'x 869, 871 (6th Cir. 2003) (holding that because the prisoner had no liberty interest in his placement and classification while incarcerated, his due process rights were not violated by BOP's refusal to transfer him to another lower security facility housing inmates with the same custody classification). Again, Embrey' Fifth Amendment due process claim challenging his PSF fails to state a claim entitling him to relief under § 2241.

Third, even assuming that the BOP violated its own program statement by not transferring Embrey to the FCI-Ashland prison camp, failure to follow a BOP policy is not a constitutional violation. *Bonner v. Federal Bureau of Prisons*, 196 F. App'x. 447, 448 (8th Cir. 2006); *Ortega v. Maynard*, 06-CV-084-HRW, 2006 WL 1877016, at *2) (E.D. Ky. July 06, 2006); *Antonelli v. Sanders*, No. 2:06CV00052SWW, 2006 WL 667964, at *3 (E.D. Ark. March 15, 2006).

Thus, Embrey has not stated grounds for relief under § 2241 with respect the PSF which the BOP has assigned to him. Embrey's habeas petition will be denied,

and his motion seeking an order directing the respondent to answer his § 2241 petition, [D. E. No. 8], will be denied as moot.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Michael Sepanek, Warden of FCI-Ashland, is **SUBSTITUTED** as the Respondent to this proceeding in place of J.C. Holland, and the Clerk of the Court shall modify the CM/ECF cover sheet to designate Sepanek as the Respondent;

(2) Petitioner William J. R. Embrey's 28 U.S.C. § 2241 petition for writ of habeas corpus, [D. E. No. 1], is **DENIED**;

(3) Embrey's motion seeking an order directing the respondent to answer his § 2241 petition,[D. E. No. 8], is **DENIED as MOOT**;

(4) This action is **DISMISSED**, *sua sponte,* from the Court's active docket and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent; and

(5) The Clerk of the Court shall transmit a copy of this Memorandum Opinion and Order, and attached Judgment, to the Clerk of the Sixth Circuit Court of Appeals, referencing Case No. 12-5281.

This 10th day of April, 2012.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge